IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ERSKINE D. SALTER,                  :

    Petitioner,                :
                                CIVIL ACTION 13-0494-WS-M
v.                                  :
                                CRIMINAL ACTION 09-00024-WS-M
UNITED STATES OF AMERICA,           :

    Respondent.                :

REPORT AND RECOMMENDATION

Pending before the Court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 65) and Respondent's Motion to Dismiss (Doc. 69). This action was referred to the undersigned Magistrate Judge for report and recommendation pursuant to 28 U.S.C. § 636(b) and Rule 8(b) of the Rules Governing Section 2255 Cases. It is now ready for consideration. The record is adequate to dispose of this matter; no evidentiary hearing is required.[1] It is recommended that Respondent's Motion to Dismiss (Doc. 69) be granted, that Petitioner's Motion to Vacate (Doc. 65) be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Erskine D. Salter. It is

---

[1] Petitioner has also filed a Motion to Dismiss (Doc. 72) and a Motion to Amend (Docs. 73-74). However, as will be set out within the body of this Report and Recommendation, the Court is without jurisdiction to take any action. Therefore, the Motions are **DENIED**.

1

further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

Petitioner previously filed a Petition to Alter, Amend or Vacate the Sentence (Doc. 34). That Petition was denied, and judgment was entered, by Judge Steele on September 29, 2011 (Docs. 54-55).

As noted in Respondent's Motion to Dismiss (Doc. 69), "[a] second or successive motion [to vacate] must be certified as provided in section 2244 by a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h). The Petitioner must seek and obtain this certification "[*b*]*efore* a second or successive application . . . is filed in the district court." 28 U.S.C. § 2244(b)(3)(A) (emphasis added). "Failure to petition [the court of appeals] for permission to file a successive § 2255 motion leaves the district court without jurisdiction to rule on the successive § 2255 motion and the motion should be dismissed." *Lazo v. United States*, 314 F.3d 571, 574 (11th Cir. 2002), *vacated on other grounds sub nom. Gonazlez v. Secretary*, 326 F.3d 1175 (11th Cir. 2003), *superseding opinion*, 366 F.3d 1253 (11th Cir. 2004) (*en banc*); *accord* Section 2255 Rule 4(b) (when the motion on its face reflects "that the moving party is not entitled to relief, the judge must dismiss the motion").

2

Petitioner has not obtained the required leave to file this successive petition and therefore this Court is without jurisdiction to rule on it.

Salter has asserted that this Court should consider this petition as it is based on a recent U.S. Supreme Court decision, *Alleyne v. United States*, 133 S.Ct. 2151 (2013). However, as previously stated, this Court is without jurisdiction to consider this argument under statutory language previously set out. This Court's reading of *Alleyne* does not unlock the gate through which Petitioner seeks to enter this Court; that key must be obtained from the Eleventh Circuit Court of Appeals.

Accordingly, it is recommended that Respondent's Motion to Dismiss (Doc. 69) be granted, that Petitioner's Motion to Vacate (Doc. 65) be dismissed, and that judgment be entered in favor of Respondent, the United States of America, and against Petitioner Erskine D. Salter.

Furthermore, pursuant to Rule 11(a) of the Rules Governing § 2255 Cases, the undersigned recommends that a certificate of appealability (hereinafter *COA*) in this case be denied. 28 U.S.C. foll. § 2255, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant"). The habeas corpus statute makes clear that an applicant is entitled to appeal a district

court's denial of his habeas corpus petition only where a circuit justice or judge issues a COA. 28 U.S.C. § 2253(c)(1). A COA may issue only where "the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a habeas petition is being denied on procedural grounds, "a COA should issue [only] when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As Salter has not sought permission from the Eleventh Circuit Court of Appeals to file this action, a reasonable jurist could not conclude either that this Court is in error in dismissing the instant petition or that Petitioner should be allowed to proceed further. *Slack*, 529 U.S. at 484 ("Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further").

CONCLUSION

It is recommended that Petitioner's petition for writ of habeas corpus, filed pursuant to 28 U.S.C. § 2255, be denied. It is further recommended that any certificate of appealability filed by Petitioner be denied as he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED.R.CIV.P. 72(B); S.D. ALA. L.R.72.4. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

DONE this 27th day of December, 2013.

s/BERT W. MILLING, JR.
UNITED STATES MAGISTRATE JUDGE