IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| ERSKINE SALTER, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CIV. ACT. NO. 1:23-cv-80-TFM-MU |
| | ) | CRIM. ACT. NO. 1:09-cr-24-TFM-MU |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

**MEMORANDUM OPINION AND ORDER**

On January 30, 2026, the Magistrate Judge entered a report and recommendation which recommends Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Doc. 146, filed 2/28/23) be denied and the petition dismissed. *See* Doc. 162. It further recommends that the motion to amend and supplement (Docs. 154, 155) be reclassified as a Motion to Reduce Sentence pursuant to Amendment 821 of the United States Sentencing Guidelines. Finally, the Magistrate Judge recommends the denial of a certificate of appealability and the ability to appeal *in forma pauperis*. *See* Doc. 162.

Petitioner timely submitted objections (Doc. 163) on February 12, 2026, and then resubmitted a second time what appear to the same objections (Doc. 166) on February 18, 2026. Petitioner also submitted a "Motion to Re-docket Documents 154 and 155 as a Motion under Amendment 821 and 18 U.S.D. § 3582(c)(2) and for a Guideline-Impact Determination" (Doc. 164, filed 2/12/26). The United States timely filed its response to the objections, further notes that it does not object to the motion to consider Documents 154 and 155 under Amendment 821 and then proceeds to discuss why a reduction under Amendment 821 should be denied. *See* Doc. 169. Petitioner further submits a reply and supplement to his request for an Amendment to his sentence.

Docs. 172, 173.

The Court will take each issue in turn, starting with the habeas petition under § 2255.

A.      Section 2255 Habeas Petition

Having reviewed the Petitioner's objections, the Court finds that they do not overcome the well-reasoned analysis of the Magistrate Judge's recommendation and the United States' response is on point. As such, Petitioner's objections are overruled.

After due and proper consideration of all portions of this file deemed relevant to the issues raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is **ADOPTED** as the opinion of this Court. Accordingly, it is **ORDERED** that the Motion to Vacate, Set Aside, or Correct (Doc. 146) is **DENIED**. It is further **ORDERED** that the "Motion to Re-docket Documents 154 and 155 as a Motion under Amendment 821 and 18 U.S.D. § 3582(c)(2) and for a Guideline-Impact Determination" (Doc. 164) is **GRANTED** for the same reasons previously articulated in the Report and Recommendation. The Clerk of Court is **DIRECTED** to construe the Documents 154 as a Motion to Reduce Sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 821.

The Court further finds that Salter is not entitled to a Certificate of Appealability. Additionally, 28 U.S.C. § 1915(a) provides that, "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." In making this determination as to good faith, a court must use an objective standard, such as whether the appeal is "frivolous," *Coppedge v. United States*, 369 U.S. 438, 445, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962), or "has no substantive merit." *United States v. Bottoson*, 644 F.2d 1174, 1176 (5th Cir. Unit B May 15, 1981)

(per curiam);[1] *see also Rudolph v. Allen*, 666 F.2d 519, 520 (11th Cir. 1982) (per curiam); *Morris v. Ross*, 663 F.2d 1032 (11th Cir. 1981). Stated differently:

> This circuit has defined a frivolous appeal under section 1915(d) as being one "'without arguable merit.'" *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir.1987) (quoting Watson v. Ault, 525 F.2d 886, 892 (5th Cir.1976)). "'Arguable means capable of being convincingly argued.'" *Moreland v. Wharton*, 899 F.2d 1168, 1170 (11th Cir.1990) (per curiam) (quoting *Menendez*, 817 F.2d at 740 n.5); *see Clark*, 915 F.2d at 639 ("A lawsuit [under section 1915(d)] is frivolous if the 'plaintiff's realistic chances of ultimate success are slight.'" (quoting *Moreland*, 899 F.2d at 1170)).

*Sun v. Forrester*, 939 F.2d 924, 925 (11th Cir. 1991); *see also Weeks v. Jones*, 100 F.3d 124, 127 (11th Cir. 1996) (stating that "[f]actual allegations are frivolous for purpose of [28 U.S.C.] § 1915(d) when they are 'clearly baseless;' legal theories are frivolous when they are 'indisputably meritless.'") (citations omitted).

The Court further certifies that any appeal would be without merit and not taken in good faith and therefore, Petitioner is not entitled to proceed *in forma pauperis* on appeal

As it relates to the habeas petition under § 2255, final judgment shall issue separately in accordance with this order and Fed. R. Civ. P. 58.

**B.     Amendment 821**

The Court now notes that the Amendment 821 motion is fully briefed by the parties, but that the normal process would include a recommendation from Probation. As such, the Clerk of Court is **DIRECTED** to provide a copy of this order to the Probation Office for a recommendation as appropriate under Amendment 821 by **March 10, 2026**. Once the Court has received the recommendation from the Probation Office, the motion for sentence reduction pursuant to

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit that were handed down prior to the close of business on September 30, 1981.

Amendment 821 will be considered fully briefed and ripe for review.  The Court will take up the request at the upcoming revocation hearing on March 13, 2026.

    **DONE** and **ORDERED** this 4th day of March, 2026.

                                               /s/Terry F. Moorer
                                               TERRY F. MOORER
                                               UNITED STATES DISTRICT JUDGE